ORDER AND JUDGMENT * Nancy L. Moritz, Circuit Judge Proceeding pro se,[1] New Mexico prisoner Airee Sweat III appeals the district court’s order dismissing his 42 U.S.C. § 1988 civil rights complaint and denying his motion to appoint counsel. We affirm. I In August 2013, Detective Michael Rick-ards obtained a search warrant for Sweat’s DNA while investigating several vehicle break-ins. Sweat refused to comply with the search warrant, so Officer Zack Sig-man arrested Sweat for evasion. Sigman then brought Sweat to the Luna County Detention Center where Detective Jeff Ferguson executed the search warrant. A New Mexico state court found Sweat guilty on multiple counts of burglary of a vehicle. Sweat is currently serving the sentences for those offenses in a New Mexico correctional facility. Sweat previously pursued two federal lawsuits stemming from the August 2013 arrest. In the first, he brought claims against Rickards, a Detective John Doe, an Officer John Doe, and the judge who issued the search warrant. In the second, he similarly brought claims against Rickards, a Detective John Doe, and the judge who issued the search warrant. The district court dismissed the first suit for failure to state a claim on which relief could be granted. And it dismissed the second suit as duplicative of the first suit. Sweat didn’t appeal either dismissal. He then filed the instant lawsuit against several defendants, including Rickards, Ferguson, and Sjgman. The district court dismissed, ruling that Sweat’s complaint failed to state ⅛ claim for relief. Specifically, it concluded that the doctrine of res judicata barred Sweat’s claims against Rickards, Fergusop, and Sigman because Sweat named Rickards in his first lawsuit and because the claims against Sigman and Ferguson were identical to the claims Sweat brought against Officer John Doe and Detective John Doe in that suit. The district court then dismissed the remaining state-law claims pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1916, reasoning that Sweat’s “conclusory listing of those causes of action [was] not sufficient to state any claim for relief.” R., 221. Finally, the district court denied Sweat’s motion for appointment of counsel. Sweat appeals. II To the extent Sweat appeals the district court’s order dismissing his claims, we affirm. The district court premised that ruling on its conclusion that Sweat’s claims are barred by the doctrine of res judicata. And although Sweat advances numerous arguments on appeal, none of them “explain to us why [that conclusion] is wrong.”[2] Nixon v. City and Cty. of Denver, 784 F.3d 1364, 1366, 1369-70 (10th Cir. 2015); see also id. (affirming because appellant “utterly fail[ed] ... to explain what was wrong with the reasoning that the district court relied on in reaching its decision”). For the same reason, we also affirm the district court’s order denying Sweat’s request for the appointment of counsel. The district court concluded that the appointment of counsel wouldn’t “change the fact that [Sweat’s] contentions [were] legally insufficient.” R., 212. And again, Sweat fails “to explain what was wrong” with that approach. Nixon, 784 F.3d at 1370. ⅛ ⅜ ⅜ For the foregoing reasons, we affirm the district court’s order. We also grant Sweat’s motion for leave to proceed without prepayment of costs or fees. But we remind Sweat of his continuing obligation to make partial payments until the filing fees are paid in full. After examining the briefs and appellate record, this panel has determined unanimously that oral argument wouldn't materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1. . We liberally construe pro se pleadings, But we won’t act as Sweat’s advocate. See James v. Wadas, 724 F.3d 1312, 3315 (10th Cir. 2013). . Sweat’s reply brief alleges for the first time that the district court incorrectly applied the doctrine of res judicata. But "the general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief....” M.D. Mark, Inc. v. Kerr-McGee Corp., 565 F.3d 753, 768 n.7 (10th Cir. 2009).